Byron G. Martin (#8824)
STRONG & HANNI
9350 South 150 East, Suite 500
Sandy, Utah 84070
Telephone:  (801) 532-7080
Facsimile:   (801) 596-1508
bmartin@strongandhanni.com

*Attorneys for Nationwide General Insurance Company*

### IN THE UNITED STATES DISTRICT COURT
### IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALEX QUINN,<br><br>         Plaintiff,<br><br>vs.<br><br>NATIONWIDE GENERAL INSURANCE COMPANY,<br><br>         Defendant. | NOTICE OF REMOVAL<br><br>(State Court Civil No. 240403225)<br><br>Case No. 2:24-cv-00657-HCN<br><br>Judge: Howard C. Nielson, Jr. |

Nationwide General Insurance Company ("Nationwide") hereby gives notice—pursuant to 28 U.S.C. §§ 1332 (diversity jurisdiction), 1441, and 1446—of the removal to this Court of the above-entitled action from the Fourth Judicial District Court in and for Utah County, State of Utah, Civil No. 240403225. In support of removal, Nationwide states:

### Background

1. On August 6, 2024, Alex Quinn ("Plaintiff") filed a Complaint in the Fourth Judicial District Court, County of Utah, State of Utah, captioned *Alex Quinn v. Nationwide General Insurance Company*, Civil No. 240403225. (A true and accurate copy of the Complaint, as filed, is attached hereto as Exhibit 1.)

1

2. Plaintiff first served Nationwide with a copy of the Complaint and summons by delivering those documents to Nationwide's registered agent Corporation Services Company on August 8, 2024. (A true and accurate copy of the summons and all process, as served, is attached as Exhibit 2.)

### Original Jurisdiction

3. Per federal statute, a civil action filed in State court may be removed to a federal district court if it is a type of civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). One type of civil action over which federal district courts have original jurisdiction is "where the matter in controversy exceeds the sum or value of $75,000" and the matter is between "citizens of different [diverse] States." *Id.* § 1332(a)(1).

4. As shown below, this is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 since the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.

### Timeliness of Removal

5. Plaintiff first served Nationwide on August 8, 2024 (*see* Ex. 2), and therefore this Notice of Removal is filed within 30 days of any service of process. This Notice contains all information required by statute and by local rule. See 28 U.S.C. § 1446(a)–(b); *see also* DUCivR 81-2.

### Amount in Controversy

6. The amount in controversy exceeds $75,000, exclusive of interests and costs.

7. When removal is sought based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Furthermore, "the notice of removal may assert the amount in controversy." 28 U.S.C. §

1446(c)(2)(A).

8. The damages Plaintiff alleges and seeks demonstrate that the amount in controversy exceeds $75,000, exclusive of interests and costs.

9. Plaintiff alleges in the Complaint that Nationwide should be responsible to cover and pay a fire loss under an insurance policy issued by Nationwide to the Plaintiff – which policy has dwelling coverage limits of at least $354,600, other structure limits of $34,232, and personal property limits of $265,950 – on account of a fire that occurred at a home in Orem Utah on May 11, 2023. For the loss to the residence Plaintiff alleges the "total owed coverage to $531,900" (Complaint, ¶ 27), and in addition seeks damages to other structures, personal property up to $265,950, as well as the fair rental value of the home.

10. In addition, Plaintiff alleges that Nationwide breached the covenant of good faith and fair dealing, and therefore claims consequential damages, attorney's fees, and other amounts separate from costs and interest, which – together with the claimed damages for damage to property by fire – allegedly qualify the case for "Tier 3" under state court procedures, which in turn signifies that Plaintiff is claiming at least $300,000 or more in damages in the aggregate. *See* Rule 26(c)(3)-(5), Utah R. Civ. P.; Complaint ¶ 5 ("the amount of damages exceeds $300,000"), Tier 3 designation (Exhibit 1).

11. Though Nationwide denies that Plaintiff is entitled to recovery in the amounts claimed, it is clear from the insurance policy limits and the Complaint that Plaintiff's claim for damages places the amount in controversy in excess of the jurisdictional limit of $75,000, exclusive of interests and costs.

### Diversity of Citizenship

12. Plaintiff, Alex Quinn, alternates residing in Multnomah County, Oregon and in Utah County, Utah. Also, he is domiciled in and a citizen of the State of Oregon; alternatively, he is domiciled in and a citizen of the State of Utah. He is not a citizen of the State of Ohio.

13. Nationwide is organized under the laws of, and incorporated in, the State of Ohio, and Nationwide has its only principal place of business in the State of Ohio. It is not incorporated in the State of Utah nor in the State of Oregon. It does not have its principal place of business in the State of Utah nor in the State of Oregon.

14. Nationwide is a citizen of the State of Ohio only.

15. These citizenship facts apply both at the time the action commenced and at the time of removal to this Court.

### Procedure and Certification

16. Nationwide files this Notice of Removal within 30 days of service of process. The Complaint sets forth the claims for relief upon which the action is based. The time for filing this Notice of Removal, pursuant to 28 U.S.C. § 1446(b), has not expired.

17. Removal to this Court is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction on diversity grounds over all claims in Civil No. 240403225 in the Fourth Judicial District Court in and for Utah County, State of Utah, which is within this district.

18. Nationwide will today give written notice of this Notice of Removal to all adverse parties and file a true and correct copy of the Notice with the Clerk of the District Court for the Fourth Judicial District Court, County of Utah, State of Utah, as provided in 28 U.S.C. § 1446(d).

19. Pursuant to Local Rule 81-2(b), a copy of the operative complaint is attached hereto as Exhibit 1, a current copy of the state court docket sheet is attached hereto as Exhibit 3, a copy of

the notice of event due dates is attached hereto as Exhibit 4, and all pleadings, motions, orders, and other state court filings in chronological order are attached hereto as Exhibit 5.

20. The undersigned certifies that a copy of all processes, pleadings, and orders served on Nationwide are filed in this case in connection with this Notice of Removal.

21. This Notice of Removal is made and signed pursuant to [Rule 11 of the Federal Rules of Civil Procedure](#).

DATED September 6, 2024.

STRONG & HANNI

*/s/ Byron G. Martin*

Byron G. Martin
*Attorneys for Nationwide General Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that September 6, 2024, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served by the method indicated below, to the following:

| | | |
|---|---|---|
| Alan Bradshaw | (X) | Electronic Filing |
| Matthew D. Church | ( ) | Email |
| Margaret Kelly | ( ) | U.S. Mail, Postage Prepaid |
| MANNING CURTIS BRADSHAW & BEDNAR | ( ) | Hand Delivered |
| PLLC | ( ) | Overnight Mail |
| 201 South Main Street, Suite 750 | ( ) | Facsimile |
| Salt Lake City, Utah 84111 | | |
| mchurch@mc2b.com | | |
| mkelly@mc2b.com | | |

*Attorneys for Plaintiff*

/s/ Joani M. Pearson

6